# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 25-340V
UNPUBLISHED

| | |
|---|---|
| MARY BYRD,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: August 28, 2025 |

*Michelle Greene*, Lanier Law Firm, PLLC, New York, NY, for Petitioner.

*Heather L. Pearlman*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On February 25, 2025, Mary Byrd filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34[2] (the "Vaccine Act"). Petitioner alleges that she suffered various injuries from human papillomavirus ("HPV") vaccinations she received on October 16, 2017, February 22, 2018, and July 18, 2018. ECF No. 1 at 2.

Because the petition was untimely filed, and Petitioner has failed to establish a basis for equitable tolling, this case is **DISMISSED**.

## Relevant Factual Background

Petitioner received the first HPV vaccination on October 16, 2017 (at thirteen years old), the second on February 22, 2018 (at thirteen years old), and the third on July 18, 2018 (at fourteen years old). ECF No. 10 (single set of uncertified medical records)

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

at 77 (vaccination history). Petitioner did not clarify in her petition or affidavit whether she went to these vaccination appointments alone, as a young teenager, or with a parent. Petitioner stated she experienced fainting episodes and other symptoms of tachycardia in 2018 shortly after the HPV vaccinations and went to a cardiologist. ECF No. 1 ¶ 3.[3] Petitioner stated that related symptoms have continued to the present. *Id*. ¶ 6. In January 2025, Petitioner told her doctor that she thought her tachycardia was related to feeling anxious. ECF No. 10 at 77.

Facially, Petitioner's claim herein was filed over *six* years after the HPV vaccinations, the most recent one being administered in 2018, and over *six* years from the time she began manifesting symptoms later in 2018. But Petitioner maintains her delay is excusable. At the vaccination appointments, Petitioner has stated, but did not attest in her affidavit, that no Vaccine Information Statements (VIS) were provided and no information was relayed about the Vaccine Program. In the event that a parent accompanied Petitioner to these appointments, no affidavit from a parent has been filed in support of what Petitioner alleges. Petitioner stated, but did not attest in her affidavit, that she became aware of the HPV vaccine's potential adverse effects in February 2025. ECF No. 13 at 23.

## Relevant Procedural History

Given that the timeliness of the claim was legitimately called into question merely by the face of the actual Petition, while the case was still in the initial "pre-assignment review,"[4] I ordered Petitioner to show cause why the claim had not been filed outside the Act's 36-month statute of limitations. Sec. 16(a)(2); ECF No. 7.

On May 5, 2025, Petitioner filed a response. ECF No. 13.[5] Petitioner did not dispute that her symptoms begin in 2018, or that her petition was filed in 2025 (and not sooner than the statute of limitations deadline of 2021), but instead argued that the limitations period should be equitably tolled. Petitioner asserted that she had diligently pursued her rights once she became aware of her legal rights. Petitioner also made allegations not relevant to a Vaccine Act claim, about the perfidious conduct of the vaccine manufacturer in fraudulently concealing the HPV vaccine's harmful character from the public. ECF No. 13 at 24. Relatedly, Petitioner argued that the failure of a healthcare professional to

---

[3] Petitioner does not appear to have filed the vaccine administration records, the 2018 cardiologist's medical records, or any medical records close in time to the vaccinations. *See* ECF No. 10.

[4] Pre-Assignment Review, or PAR, is a process utilized by the Office of Special Masters to assess whether a claim's primary evidentiary documentation has been filed. *See* notice at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters.

[5] Petitioner's response repeatedly references a different petitioner and other injuries not relevant to this case.

provide her with a VIS at the time of vaccination can be attributed to the Department of Health and Human Services' failure to systematically ensure that VIS are explained and provided to all vaccine recipients. *Id.* at 9.

Respondent submitted a brief of his own, arguing for dismissal due to untimeliness.[6] ECF No. 8. Respondent maintained that Petitioner in fact had not diligently pursued her rights before filing a vaccine claim in 2025. Respondent also disputed the veracity of contentions about the manufacturer's conduct, and whether it could in any event constitute an extraordinary circumstance that would serve as a basis for tolling of the statute.

## **Legal Standards**

The Vaccine Act's statute of limitations is thirty-six months. Sec. 16(a)(2). The statute begins to run from the manifestation of the first objectively cognizable symptom, whether or not that symptom is sufficient for diagnosis (or even recognized by a claimant as significant). *Id.*; *Carson v. Sec'y of Health & Hum. Servs.*, 727 F.3d 1365, 1369 (Fed. Cir. 2013).

The Federal Circuit has held that the doctrine of equitable tolling can apply to Vaccine Act's statute of limitations. *See Cloer v. Sec'y of Health & Hum. Servs.*, 654 F.3d 1322, 1340-41 (Fed. Cir. 2011). However, in keeping with applicable U.S. Supreme Court precedent, equitable tolling of a limitations period is to be permitted "sparingly." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, (1990). The appropriateness of equitable tolling is ultimately to be determined on a case-by-case basis, without rigid application of any relevant overarching guidelines. *Holland v. Florida*, 560 U.S. 631, 649–50 (2010); *accord Arctic Slope Native Ass'n v. Sebelius*, 699 F.3d 1289, 1295 (Fed. Cir. 2012).

Petitioners must prove two elements to establish equitable tolling: (1) that petitioner diligently pursued her rights, and (2) an extraordinary circumstance prevented her from timely filing the claim. *K.G. v. Sec'y of Health & Hum. Servs.*, 951 F.3d 1374, 1379 (Fed. Cir. 2020) *(citing Menominee Indian Tribe v. United States*, 577 U.S. 250, 255 (2016)).

When first articulating this limited exception to equitable tolling, the Federal Circuit primarily enumerated fraud and duress as a basis for equitable tolling—but not, for example, *lack of awareness* on a petitioner's part that she might have an actionable claim. *Cloer*, 654 F.3d at 1344–45 (noting that tolling of the Vaccine Act's statute of limitations period is not triggered "due to unawareness of a causal link between an injury and

---

[6] In other similarly situated cases, Respondent has also preemptively filed his arguments in favor of dismissal without waiting to see what Petitioner would argue. As noted in those cases, I understand Respondent to be waiving the right to respond to Petitioner's arguments by filing preemptively.

administration of a vaccine"). In *K.G.,* 951 F.3d at 1380–82 (Fed. Cir. 2020), the Circuit more explicitly endorsed the proposition that an individual's demonstrated mental incapacity could be a basis for equitable tolling in the Program. For a mentally incapacitated individual, the Circuit instructed that the details of the individual's relationship with her legal guardian would affect whether there was reasonable diligence or extraordinary circumstances. *K.G.,* 951 F.3d at 1382 (Fed. Cir. 2020). More recently, the Circuit concluded that a parent acting as a legal guardian did not have extraordinary circumstances preventing the filing of a petition where the parent: (1) routinely made medical decisions on behalf of the legally incapacitated individual during the relevant time period, (2) had no documented strained relationship with the individual, and (3) had no conflicts of interest dissuading the parent from filing a petition. *W.J. v. Sec'y of Health & Hum. Servs.*, 93 F.4th 1228, 1241 (Fed. Cir. 2024).

## **Analysis**

The untimeliness of this filing is acknowledged by Petitioner, so the only question to be resolved is whether equitable tolling should save the claim. But Petitioner has failed to establish both elements of equitable tolling – diligent pursuit and extraordinary circumstances.

   *A) Diligent pursuit*

Petitioner argues that she began to diligently pursue her claim when she learned of the possibility of adverse effects from vaccines in February 2025. Although she was a minor for several years after her symptoms began, Petitioner did not address whether her parents or guardians diligently pursued a vaccine claim on her behalf or similarly only learned about possible adverse effects recently.

These arguments are wholly unpersuasive. It is beyond question that claims asserted in the Vaccine Program are not subject to a "discovery rule," accruing only when a claimant *learns* he or she might possess a cause of action. Rather, the statute of limitations period is triggered by the onset of Petitioner's symptoms – whether or not onset was understood to be the start of the claimed injurious illness or condition. *Cloer v. Sec'y of Health & Hum. Servs.*, 654 F.3d 1322, 1340 (Fed. Cir. 2011) (en banc). And the failure to be advised of the Vaccine Program or the Act does not support equitable tolling of the statute of limitations period for an otherwise-untimely filed petition. *Speights v. Sec'y of Health & Hum. Servs.*, No. 03-2619V, 2013 WL 5944084, at *13 (Fed. Cl. Spec. Mstr. Oct. 17, 2013). Thus, a petitioner cannot generally shield an untimely claim from dismissal by asserting, even in good faith, that she literally was unaware of her Vaccine Act "rights."

4

### B) *Extraordinary Circumstances*

Petitioner's arguments about the purported fraudulent conduct of the vaccine's manufacturer, in hiding proof of the vaccine's dangers, deserve even less consideration. ECF No. 13 at 24. As a threshold matter, these contentions are speculative and not evidentiarily-supported. And regardless of their actual truth, the fact remains that the Government *has approved* the HPV vaccine for administration to minors, rendering it "covered" under the Act. The only issue to be resolved in a Program case is whether (assuming, as here, the claim is not a Table claim) the claim meets the standards for causation – and those standards have nothing to do with a manufacturer's alleged misconduct in preparation or promotion of the underlying vaccine.

These allegations also are not a basis for tolling under the circumstances. Petitioner simply has not shown that contentions of corporate misconduct not specific to, or directed at, him personally could rise to the level of the kind of "fraud" that might excuse failing to file a Program claim in a timely manner. Nor has she persuasively established that the vaccine administrator's "failure to warn," or provide a VIS in 2017 or 2018, is an extraordinary circumstance. Even assuming the factual accuracy of that allegation,[7] it remains the case (as the Circuit recognized in *Cloer*) that vaccine claims accrue upon onset – and that the failure to be advised of the Vaccine Program does not support equitable tolling. *Cloer,* 654 F.3d at 1340; *see also Speights,* 2013 WL 5944084, at *13. And arguments about governmental agency knowledge of a failure to warn reflect overheated, almost-conspiratorial allegations that do not come close to excusing the claim's untimely nature.

### Conclusion

Thus, Petitioner has failed to establish equitable tolling. **This case is dismissed for being untimely filed. The Clerk of Court shall enter judgment accordingly.**[8]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[7] As noted above, Petitioner has not filed the vaccine administration records that would permit a factual evaluation of whether a VIS was provided to Petitioner at any of the vaccination appointments. Moreover, Petitioner has not clarified if a parent accompanied her to any of these appointments, and, if so, she has not filed an affidavit from the accompanying parent in support of her equitable tolling argument.

[8] If Petitioner wishes to bring a civil action, she must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."